UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

April 30, 2013

LETTER TO COUNSEL:

      RE:    *James William Tayman v. Commissioner, Social Security Administration*;
               Civil No. SAG-12-2592

Dear Counsel:

      On August 29, 2012, the Plaintiff, James William Tayman, petitioned this Court to review the Social Security Administration's final decision to deny his claims for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment, and Mr. Tayman's reply. (ECF Nos. 12, 13, 14). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds). Under that standard, I will deny both motions, vacate the Commissioner's denial of benefits, and remand this matter for further proceedings consistent with this opinion. This letter explains my rationale.

      Mr. Tayman filed his claims for benefits in January, 2010. (Tr. 149-62). His claims were denied on March 8, 2010. (Tr. 67-78). A hearing was held on March 28, 2011 before an Administrative Law Judge ("ALJ"). (Tr. 22-62). Following the hearing, on April 14, 2011, the ALJ determined that Mr. Tayman was not disabled during the relevant time frame. (Tr. 9-21). The Appeals Council denied Mr. Tayman's request for review (Tr. 1-5), so the ALJ's decision constitutes the final, reviewable decision of the agency.

      The ALJ found that Mr. Tayman suffered from the severe impairments of "[a]ortic stenosis with hypertension status post aortic valve replacement, obesity, an affective disorder, personality disorder." (Tr. 14). Despite these impairments, the ALJ determined that Mr. Tayman retained the residual functional capacity ("RFC") to:

> [P]erform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he is limited to unskilled work with no more than occasional contact with coworkers and the public. He has mild impairment in his activities of daily living, moderate impairment in maintaining social functioning, and mild impairment in maintaining concentration, persistence, or pace. He has had no episodes of decompensation.[1]

---

[1] I note that portions of the ALJ's RFC appear to be more of an application of the special technique for evaluation of mental impairments at step three, rather than a recitation of job-related functions that Mr. Tayman retains the capacity to perform.

(Tr. 17). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Tayman could perform jobs that exist in significant numbers in the national economy, and that he was therefore not disabled during the relevant time frame. (Tr. 19-20).

Mr. Tayman presents three arguments on appeal: (1) that the ALJ erred in evaluating the medical opinion evidence; (2) that the ALJ erroneously made an adverse credibility finding; and (3) that the ALJ failed to consider relevant testimony from the VE. While the third argument lacks merit, the ALJ has provided insufficient analysis to permit review as to Mr. Tayman's first two arguments. Remand is therefore warranted for the ALJ to fulfill his duty of explanation.

First, Mr. Tayman contests the ALJ's evaluation of the medical evidence, specifically the rejection of the opinion of his treating physician, Dr. Guzman. A treating physician's opinion is not entitled to controlling weight if it is inconsistent with the other substantial evidence. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). The ALJ provided a very cursory analysis, suggesting that the significant impairments listed by Dr. Guzman were not "documented in the evidence in record." (Tr. 18). Specifically, the ALJ noted that Mr. Tayman had had only two brief hospitalizations for psychiatric reasons. *Id.* That statement is inaccurate, because the record reflects four separate psychiatric hospitalizations. (Tr. 388-405, 525-26, 582, 602). Particularly given the misstatement regarding the one piece of evidence the ALJ identified with precision, I cannot determine whether the ALJ relied on substantial evidence to support his conclusion. The Commissioner cited to some evidence in her brief, Def. Mot. 13-16, but I am unable to conclude that the ALJ considered or relied on the evidence summarized by the Commissioner. On remand, the ALJ should provide a precise statement of the evidence upon which he relied in considering, and ultimately rejecting, Dr. Guzman's opinion.

The ALJ's adverse credibility finding is also deficient. The ALJ relied solely upon boilerplate language describing the applicable credibility standard and concluded that Mr. Tayman's statements were "not credible to the extent they are inconsistent with the above [RFC] assessment." (Tr. 17). The ALJ then proceeded to his discussion of the medical evidence, and made no particular reference to any facts supporting the adverse credibility determination. (Tr. 17-19). Other than a suggestion that the claimant failed to supply documentation proving that he had lost jobs due to conflicts and fighting with others, nothing in the ALJ's analysis provides an evaluation of Mr. Tayman's credibility. An unsupported recitation of the standard is insufficient. On remand, the ALJ should provide factual support by "evaluat[ing] the consistency of the plaintiff's statements against the evidence of record, and not against the ALJ's own RFC assessment." *Stewart v. Astrue*, 2012 WL 6799723 , at *15 (E.D. Va. Dec. 20, 2012). "The bare conclusion that [a Plaintiff's] statements lack credibility because they are inconsistent with 'the above [RFC] assessment' does not discharge the duty to explain." *Kotofski v. Astrue*, No. SKG-09-981, 2010 WL 3655541, at *9 (D. Md. Sept. 14, 2010). My finding that remand is appropriate does not indicate any opinion on whether the ALJ's ultimate determination that Mr. Tayman is not entitled to benefits is correct or incorrect.

Mr. Tayman's third argument, however, is less successful. Mr. Tayman argues that the

ALJ failed to consider all of the testimony of the VE, particularly the VE's answers to hypothetical questions posed by Mr. Tayman's counsel on cross-examination. The ALJ is afforded "great latitude in posing hypothetical questions," *Koonce v. Apfel*, No. 98-1144, 1999 WL 7864, at *5 (4th Cir. Jan. 11, 1999), and need only pose those that are based on substantial evidence and accurately reflect a claimant's limitations. *See Copeland v. Bowen*, 861 F.2d 536, 540–41 (9th Cir. 1988). The ALJ's hypothetical question to the VE, which accurately incorporated the RFC assessment he made, was permissible without including any additional limitations that the ALJ did not deem valid. The ALJ is not required to address each of the hypothetical questions posed on cross-examination, which were not premised on the limitations the ALJ found to be accurate. Specifically, Mr. Tayman's counsel cites the multiple "moderate limitations" the DDS reviewer found in Section I of his opinion, which were not included in the ALJ's hypothetical.[2] (Pl. Mot. 22, Tr. 53-55, 576-78). However, the relevant portion of the DDS reviewer's opinion is not Section I, which sets forth a series of "check the box" rankings, but Section III, which provides a detailed narrative functional capacity assessment. *See* Program Operations Manual System DI 24510.060B (Mental Residual Functional Capacity Assessment). Because Section I does not include the requisite level of detail to inform the ALJ's opinion, an ALJ need not address each of the Section I limitations, and the ALJ need not include each of those limitations in the hypothetical to the VE. *See, e.g., Andrews v. Astrue*, Civil No. SKG-09-3061, slip op. at *39 (D. Md. Oct. 25, 2011) (noting that "even if the ALJ had not explicitly addressed each of the mental function limitations appearing on Section I of the mental RFCA, he was not required to do so."). Accordingly, the hypothetical posed to the VE by the ALJ was adequate, and remand on that issue would not be warranted.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 12) and Defendant's motion for summary judgment (ECF No. 13) will be DENIED. The ALJ's opinion will be VACATED and the case will be REMANDED for further proceedings. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge

---

[2] In posing what he defined as a "complete hypothetical" including the moderate limitations, upon a request for clarification from the VE, Mr. Tayman's counsel defined "moderately limited" as "a substantial loss of functioning, but none of those are individually work preclusive." (Tr. 56). The need for clarification highlights the reason that Section I limitations are not particularly informative. It is unclear whether the DDS reviewer would agree with counsel's definition of "moderately limited," and unclear whether the DDS reviewer and the VE interpret "substantial loss of functioning" in the same way.